PEOPLE v ABRAMSKI

Docket No. 237810. Submitted June 3, 2003, at Lansing. Decided June 10, 2003, at 9:15 A.M.

James E. Abramski was convicted by a jury trial in the Livingston Circuit Court, Daniel A. Burress, J., of fleeing and eluding a police officer, MCL 750.479a(3); resisting an officer in the discharge of his duties, MCL 750.479; driving with a suspended license, MCL 257.904(1); and operating a motor vehicle while under the influence of intoxicating liquor, MCL 257.625(1)(a). Defendant appealed, arguing that fleeing and eluding a police officer is a specific-intent crime for which he was entitled to a jury instruction on the defense of voluntary intoxication, and that the trial court abused its discretion in exceeding the sentencing guidelines when imposing the sentence for the fleeing and eluding conviction.

The Court of Appeals *held*:

1. Specific intent is defined as a particular criminal intent beyond the act done, whereas general intent is merely the intent to perform the physical act itself. Voluntary intoxication is not available as a defense to a general-intent crime. Here, the defendant was not entitled to an instruction regarding the defense of voluntary intoxication because the fleeing and eluding statute only requires the intent to do the physical act of fleeing and eluding a police officer; it does not require intent beyond the act of fleeing and eluding.

2. The trial court did not abuse its discretion in imposing a minimum sentence of forty months for the fleeing and eluding conviction, because the trial court had substantial and compelling reasons to upwardly depart from the guidelines, and the court articulated those reasons on the record; namely, that the defendant was drunk and drove over one-hundred miles an hour the wrong way on I-96 for nearly thirty-five miles, thereby endangering the lives of police officers and motorists. These reasons were external to the minds of the judge, defendant, and prosecution, and were capable of being confirmed.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting

Attorney, and *William D. McCririe, III*, Senior Trial Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*) for the defendant.

Before: FITZGERALD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of fleeing and eluding a police officer, MCL 750.479a(3); resisting an officer in the discharge of his duties, MCL 750.479; driving with a suspended license, MCL 257.904(1); and operating a motor vehicle while under the influence of intoxicating liquor, MCL 257.625(1)(a). He was sentenced to prison terms of forty to sixty months for fleeing and eluding a police officer, one to two years for resisting an officer, one year for driving with a suspended license, and ninety-three days for operating a motor vehicle under the influence of liquor. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court erroneously ruled that fleeing and eluding a police officer is a general-intent crime, which prevented defendant from obtaining an instruction on the defense of voluntary intoxication. Whether fleeing and eluding a police officer is a general-intent or a specific-intent crime is a question of law that we review de novo. *People v Henry*, 239 Mich App 140, 143; 607 NW2d 767 (1999).

" 'Specific intent is defined as a particular criminal intent beyond the act done, whereas general intent is merely the intent to perform the physical act itself.' " *Id.* at 144, quoting *People v Lardie*, 452 Mich 231, 240;

551 NW2d 656 (1996). "A general intent crime only requires proof that the defendant purposefully or voluntarily performed the wrongful act." *Id.*

The statute proscribing fleeing and eluding states that a driver "shall not willfully fail to obey" the direction of a police officer. MCL 750.479a(1). "The word 'willfulness' has been called a 'word of many meanings, depending upon the context in which it is used.'" *People v Culp*, 108 Mich App 452, 456; 310 NW2d 421 (1981), quoting *People v Cook*, 89 Mich App 72, 85; 279 NW2d 579 (1979). Use of the term "knowingly" or "willfully" in a statute does not mean that a crime requires specific intent. See *People v DeLong*, 128 Mich App 1, 3; 339 NW2d 659 (1983).

"[W]here the knowledge element of an offense is necessary simply to prevent innocent acts from constituting crimes, the knowledge element is merely a general intent requirement and the offense is not a specific intent crime to which voluntary intoxication is a defense." *People v Karst*, 138 Mich App 413, 416; 360 NW2d 206 (1984). The fleeing and eluding statute only requires intent to do the physical act of fleeing and eluding a police officer; it does not require intent beyond the act of fleeing and eluding. See *People v Maleski*, 220 Mich App 518, 521-522; 560 NW2d 71 (1996). The fleeing and eluding statute does not require proof of the intent to cause a particular result or intent that specific consequences occur. See *Henry, supra* at 145. Rather, the statute only requires a general intent, and voluntary intoxication is not a defense to a general-intent crime. *DeLong, supra* at 3.

Defendant next argues that the trial court abused its discretion by imposing a sentence for the fleeing and eluding conviction that is both outside the guide-

lines range and disproportionate. The sentencing guidelines range for this conviction was seven to twenty-three months. Defendant was sentenced to a minimum term of forty months.

We first note that, because defendant committed his crimes in February 2001, the legislative sentencing guidelines apply to this case. MCL 769.34(2); *People v Reynolds*, 240 Mich App 250, 253; 611 NW2d 316 (2000). Under these guidelines, a trial court may only depart from the guidelines if it has substantial and compelling reasons to do so, and states those reasons on the record. MCL 769.34(3); *People v Babcock (Babcock I)*, 244 Mich App 64, 72; 624 NW2d 479 (2000). In addition, the court's reasons for departing must be objective and verifiable. *Id.* at 78. The phrase "objective and verifiable" has been defined to mean that the facts to be considered by the court must be actions or occurrences that are external to the minds of the judge, defendant, and others involved in making the decision, and must be capable of being confirmed. *People v Hill*, 192 Mich App 102, 112; 480 NW2d 913 (1991). Moreover, a court may not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range, unless the court finds from the facts in the court record that the characteristic has been given inadequate or disproportionate weight. MCL 769.34. The amount a trial court departs from the guidelines is reviewed to determine whether the trial court abused its discretion. *People v Hegwood*, 465 Mich 432, 437 n 10; 636 NW2d 127 (2001).

Keeping in mind that this Court reviews as a matter of law the question of whether a trial court's stated reasons for departure were objective and verifiable,

*Babcock I, supra* at 78, we believe that the trial court correctly found that there were objective and verifiable reasons, which were not adequately considered in the scoring of the guidelines, that justified an upward departure from the statutory-guidelines. A majority of the factors cited by the trial court in support of its decision to upwardly depart from the guidelines, namely that defendant was drunk and drove in excess of one-hundred miles an hour the wrong way on I-96 for nearly thirty-five miles, thereby endangering the lives of police officers and a substantial number of motorists, were actions or occurrences that were external to the minds of the judge, defendant, and prosecution, and all were capable of being confirmed. Thus, the trial court's reasons for departing from the guidelines were objective and verifiable, and the court did not abuse its discretion by determining that the objective and verifiable factors constitute substantial and compelling reasons to depart from the statutory minimum sentence. *Hill, supra.* The sentence imposed is proportionate to the circumstances surrounding both the offense and the offender. *People v Babcock (Babcock II)*, 250 Mich App 463, 468-469; 648 NW2d 221 (2002).

Affirmed.