PEOPLE v HAVENS

Docket No. 252699. Submitted June 7, 2005, at Detroit. Decided August 30, 2005, at 9:05 a.m.

Lisa M. Havens pleaded guilty in the Macomb Circuit Court to four counts of delivery of less than 50 grams of heroin to a minor. The sentencing guidelines indicated a minimum sentence range of 19 to 38 months in prison. The court, Mary A. Chrzanowski, J., sentenced the defendant to concurrent terms of 15 to 40 years in prison. The defendant appealed her sentences by delayed leave granted.

The Court of Appeals *held*:

A sentencing court must impose a sentence within the sentencing guidelines range unless it departs from the guidelines for a substantial and compelling reason that is objective and verifiable and justifies the particular departure at issue. The court must articulate the reason for departure on the record. In this case, the court erred by concluding that the Legislature had not contemplated that delivery of heroin could be accomplished by injecting it into another person. The defendant's injection of heroin into the minor victim thus also constituted delivery for purposes of scoring offense variable 15 (aggravated controlled substance offenses). Furthermore, the court's characterization of the defendant's offenses as "egregious" is a subjective determination, is not objective and verifiable, and cannot be used as a substantial and compelling reason for departure. While the prosecution suggests on appeal other possible reasons for departure, the sentencing court did not articulate them, and thus the reviewing court cannot consider those reasons.

Sentences vacated and case remanded for resentencing.

O'CONNELL, P.J., concurred with the lead opinion, but wrote separately to address the dissent, noting that the excerpt it quoted from the sentencing court's justification for departure contains no articulation of an objectively verifiable, substantial and compelling reason for the departure. The court's classification of the defendant as "dangerous" and "a serious threat" is not an objective finding of a factual event, but a statement of personal opinion. Moreover, the sentencing guidelines accounted for the defendant's

age relative to the victim and her influential role. While the court
may have suggested that the defendant's showing a minor how to
use heroin justifies a departure, there is no way to determine how
much of the court's departure was based on this reason and how
much was based on the other reasons found invalid. The Court of
Appeals is not reversing the defendant's convictions or determin-
ing that her sentences were unjust, but is merely sending the case
back to give the court an opportunity to provide the necessary
statement of objective and verifiable, substantial and compelling
reasons for departure.

SCHUETTE, J., dissenting, would conclude that the court did not
abuse its discretion and did articulate objective and verifiable
factors that justified upward departure by its statements concern-
ing the danger posed by the defendant and her role with regard to
the minors involved. The defendant was more than just a leader in
the crime, a factor covered by offense variable 14. As an adult and
a parent, the defendant had a special relationship with the minors
into whom she injected heroin. She abused the body of a child who
should have been able to look to her as a role model. It is objective
and verifiable that the defendant abandoned her role as a mother
and an adult and encouraged and assisted minors to violate the
law. The defendant's sentences should be affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Carl J. Marlinga*, Prosecuting Attorney,
*Robert J. Berlin*, Chief Appellate Attorney, and *Edward L.
Graham*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne M. Yantus*) for the
defendant.

Before: O'CONNELL, P.J., and SCHUETTE and BORRELLO,
JJ.

BORRELLO, J. Defendant appeals by delayed leave
granted her sentences of 15 to 40 years imposed for her
plea-based convictions of delivery of less than 50 grams
of heroin to a minor, MCL 333.7410(1). We vacate
defendant's sentences and remand for resentencing.
This appeal is being decided without oral argument
pursuant to MCR 7.214(E).

Defendant pleaded guilty to four counts of delivery of less than 50 grams of heroin to a minor in return for dismissal of another case in which she was charged with ten controlled-substance offenses, including delivery of heroin to a minor.[1] The statutory sentencing guidelines established a minimum sentence range of 19 to 38 months. The trial court sentenced defendant to concurrent terms of 15 to 40 years in prison.

A trial court must impose a sentence within the sentencing guidelines range, unless it determines that a substantial and compelling reason exists to depart from the guidelines. To constitute a substantial and compelling reason for departing from the guidelines, a reason must be objective and verifiable, must irresistibly attract the attention of the court, and must be of considerable worth in deciding the length of the sentence. *People v Babcock*, 469 Mich 247, 257-258; 666 NW2d 231 (2003). To be objective and verifiable, a reason must be based on actions or occurrences external to the minds of those involved in the decision, and must be capable of being confirmed. *People v Abramski*, 257 Mich App 71, 74; 665 NW2d 501 (2003). The reason for the departure must be articulated by the trial court on the record. MCL 769.34(3). A departure from the guidelines cannot be affirmed on the basis of a reason that the appellate court perceives but the trial court did not articulate. A substantial and compelling reason articulated by the trial court as meriting a departure from the sentencing guidelines must justify the particular departure at issue. If some of the stated reasons are invalid, and the appellate court cannot ascertain whether the trial court would have departed to the same extent

---

[1] Defendant entered guilty pleas in the instant case in a prior hearing, but withdrew the pleas when the trial court indicated that it was inclined to impose minimum terms of not less than 15 years.

regardless of the invalid factors, remand for resentencing or rearticulation is necessary. *Babcock, supra* at 258-261.

We review the trial court's determination of the existence of a factor for departing from the guidelines for clear error, review de novo the determination that a factor is objective and verifiable, and review the determination that objective and verifiable factors justified departure from the guidelines range for an abuse of discretion. *Id.* at 265. A trial court may depart from the guidelines range for nondiscriminatory reasons based on an offense or offender characteristic that was already considered in calculating the guidelines range if the trial court concludes that the characteristic was given inadequate or disproportionate weight. MCL 769.34(3)(b). An abuse of discretion exists when the sentence imposed is not within the range of principled outcomes. *Babcock, supra* at 264-269.

In this case, the trial court erred in concluding that the Legislature did not contemplate that delivery of a controlled substance could be accomplished by injecting it into another person. See *People v Schultz*, 246 Mich App 695, 701-709; 635 NW2d 491 (2001) (delivery of a controlled substance may be accomplished by injecting it into another person). We assume that if injection constitutes delivery for purposes of conviction, the same act constitutes delivery for purposes of scoring offense variable 15 (aggravated controlled substance offenses), MCL 777.45, at 25 points for delivery of a controlled substance other than marijuana to a minor. Furthermore, the trial court's characterization of defendant's offenses as "egregious" is a subjective determination, is not objective and verifiable, and cannot be used as a substantial and compelling reason for departing from the sentencing guidelines. *Abramski, supra* at 74. Other

possible reasons for departing from the guidelines sug-
gested by the prosecution on appeal were not articu-
lated by the trial court; therefore, we cannot consider
them. *Babcock, supra* at 258-259.

We vacate the trial court's sentences and remand this
case to the trial court for resentencing. We decline
defendant's request to be sentenced before a different
judge.

Remanded for the sole purpose of resentencing. We
do not retain jurisdiction.

O'CONNELL, P.J. (*concurring*). I concur with the lead
opinion, but write separately to address the dissent.

The dissent relies on an excerpt from the sentencing
court's cryptic justification for imposing a 15-year sen-
tence when the sentencing guidelines dictated a mini-
mum sentence range of 19 to 38 months. Examined
closely, this excerpt does not contain any articulation of
an objectively verifiable, substantial and compelling
reason for the departure. Rather, the court merely
states, *ipse dixit,* that "the guidelines are totally in
adequate [sic], because defendant was dangerous and a
serious threat to the community[,] . . . [e]specially . . .
minors . . . ." The sentencing court's classification of
defendant as "dangerous" and a "serious threat" is not
an objective finding of any factual event, but a state-
ment of personal opinion. Even though I share this
opinion, this "finding" does not satisfy the requirement
that a court must base its sentencing departure on
objectively verifiable reasons and articulate them on the
record. *People v Babcock*, 469 Mich 247, 257-259; 666
NW2d 231 (2003). Furthermore, the guidelines ac-
counted for defendant's relative age and influential role
in the criminal activity. At best, the sentencing court
only suggests that it would find that "showing this

minor how to use this drug" justifies a departure. While I do not disagree, I have no way of knowing how much of the court's departure was based on this offhandedly mentioned isolated reason, and how much of it was based on the several other reasons we find invalid. We do not reverse defendant's convictions or decry her sentences as unjust; we are merely sending the case back to give the sentencing court an opportunity to provide the missing, but necessary, statement of objective and verifiable, substantial and compelling reasons for departure.

I note that the prosecution, in its appellate brief, has stated substantial and compelling reasons justifying the departure, but the sentencing court has not. *Babcock* and MCL 769.34(3) construct an impenetrable legal wall around sentence departures that requires sentencing courts to pass through an alloy gate of plain language and strict scrutiny. A court may only unlock this gate with a key made of objective and verifiable metal forged in the fire of substantial and compelling reasons and carefully crafted in an articulate statement on the record. The sentencing court in this case relied solely on fiery emotion and the power of innate human sentiment, without focusing any of that energy into a legally cognizable, factually based justification for departing. Because the law requires more, I join the lead opinion.

SCHUETTE, J. (*dissenting*). I respectfully dissent from the majority. I would find that the trial court did not abuse its discretion and that the trial court did articulate objective and verifiable factors that justified upward departure from the guidelines range. I would affirm defendant's sentences.

A trial court must impose a sentence within the sentencing guidelines, unless it determines that a sub-

stantial and compelling reason exists to depart from the guidelines. To constitute a substantial and compelling reason for departing from the guidelines, a reason must be objective and verifiable, must irresistibly attract the attention of the court, and must be of considerable worth in deciding the length of the sentence. *People v Babcock*, 469 Mich 247, 257-258; 666 NW2d 231 (2003). To be objective and verifiable, a reason must be based on actions or occurrences external to the minds of those involved in the decision and must be capable of being confirmed. *People v Abramski*, 257 Mich App 71, 74; 665 NW2d 501 (2003). The reason for the departure must be articulated by the trial court on the record. MCL 769.34(3). A departure from the guidelines cannot be affirmed on the basis of a reason that the appellate court perceives but the trial court did not articulate. A substantial and compelling reason articulated by the trial court as meriting a departure from the sentencing guidelines must justify the particular departure at issue. *Babcock, supra* at 258-260.

I agree that the trial court erred in concluding that the Legislature did not contemplate that delivery of a controlled substance could be accomplished by injecting it into another person. See *People v Schultz*, 246 Mich App 695, 701-709; 635 NW2d 491 (2001) (delivery of a controlled substance may be accomplished by injecting it into another person). I also agree that a mere characterization of defendant's offenses as "egregious" is a subjective determination, is not objective and verifiable, and cannot be used as a substantial and compelling reason for departing from the sentencing guidelines. *Abramski, supra* at 74. However, in this case, the trial court also offered another substantial and compelling reason for the upward departure. It stated:

Further, this Court is finding that the guidelines are totally in adequate [sic], because defendant was dangerous and a serious threat to the community. Especially a threat to the community in so far as we were dealing with minors and minors are considered minors because they lack the mental capacity to formulate recklessness, its intent and knowledge as to what is right and what is wrong. And as an adult, this individual defendant should have taken control of the situation, should have been a leader with respect to what was right and what was wrong, what was moral and what was immoral. But instead, this particular defendant took it upon herself to place individual minors and in this case I understand that we're only relying on one minor, by showing this minor how to use the drug, injecting the minor with the drug. I can't think of anything more egregious than an adult doing this to a minor child.

Thus, the trial court articulated its reasons beyond just calling the act "egregious." Defendant argues that her role as a leader in a multiple-offender situation was already factored into her sentence by scoring ten points for offense variable (OV) 14.[1] I would find that the trial court's stated reasons for its upward departure encompass factors beyond those contemplated in OV 14. OV 14 does not take into consideration the unique roles of the individuals involved in this case. Defendant was more than a leader in this crime. As an adult and a parent, defendant had a special relationship with the minors into whom she injected heroin. Not only did defendant violate the law against delivery of heroin, she also helped abuse the body of a child who should have been able to look to her as a role model. In fact, she taught minors how to use this addictive, dangerous, and illegal drug.

---

[1] The scoring of OV 14 at ten points is appropriate on the basis of a finding that the defendant was a "leader in a multiple offender situation[.]" MCL 777.44.

It is objective and verifiable that in this case defendant abandoned her role as a mother and an adult and encouraged and assisted minors to violate the law. Even though I agree that the trial court erred in concluding that the Legislature did not contemplate that delivery of a controlled substance could be accomplished by injecting it into another person, I believe that the excerpt quoted from the trial court's statements allows this Court to ascertain that the trial court would have departed to the same extent regardless of the invalid factors. *Babcock, supra* at 260-261.

I would affirm defendant's sentences.