740 N.W.2d 347 (2007)
PEOPLE of the State of Michigan, Plaintiff-Appellant
v.
Raymond Joseph YOUNG, Defendant-Appellee.
Docket No. 268227.
Court of Appeals of Michigan.
Submitted July 31, 2007, at Lansing.
Decided August 23, 2007, at 9:00.
Released for Publication October 26, 2007.
*348 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, Stuart J. Dunnings III, Prosecuting Attorney, Susan L. LeDuc, Appellate Division Chief, and Joseph B. Finnerty, Assistant Prosecuting Attorney, for the people.
Susan K. Walsh, Milford, for the defendant.
Before: SMOLENSKI, P.J., and FITZGERALD and KIRSTEN FRANK KELLY, JJ.
*349 SMOLENSKI, P.J.
In this appeal by the prosecution, the sole question before us is whether the trial court articulated a substantial and compelling reason to justify its departure from the sentencing guidelines when sentencing defendant for his jury conviction of armed robbery. Because we conclude that the trial court failed to articulate a substantial and compelling reason for the departure, we vacate defendant's sentence and remand this case to the trial court for resentencing. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

I. Standards of Review
In reviewing a trial court's grounds for departing from the sentencing guidelines, this Court reviews for clear error the trial court's factual finding that a particular factor in support of departure exists. People v. Babcock, 469 Mich. 247, 264, 666 N.W.2d 231 (2003). However, whether the factor is objective and verifiable is a question of law that this Court reviews de novo. Id. Finally, this Court reviews for an abuse of discretion the trial court's determination that the objective and verifiable factors present in a particular case constitute substantial and compelling reasons to depart from the statutory minimum sentence. Id. at 264-265, 666 N.W.2d 231. A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes. Id. at 269, 666 N.W.2d 231.

II. Defendant's Sentence for Armed Robbery
Armed robbery is punishable by a maximum penalty of imprisonment for life or any term of years. MCL 750.529. Further, because armed robbery is an offense covered by the sentencing guidelines, MCL 777.16y, a trial court must impose a minimum sentence within the range provided by application of the sentencing guidelines, MCL 769.34(2); Babcock, supra at 255-256, 666 N.W.2d 231. However, a trial court may sentence a defendant to a term outside the guidelines range "if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). If the trial court's reasons for departing from the minimum sentence range are not substantial and compelling, the sentence is invalid. People v. Buehler, 477 Mich. 18, 24, 727 N.W.2d 127 (2007).
In the present case, the sentencing guidelines provided for a minimum sentence of 21 to 35 months in prison. On the basis of defendant's history and the nature of the offense, the probation officer recommended that the trial court sentence defendant to 21 months to 60 months in prison. However, the trial court rejected the recommendation. Instead, the trial court determined that there were substantial and compelling reasons to depart from the sentencing guidelines. The trial court found the following factors to be substantial and compelling reasons to depart: (1) the size of the knife used in the robbery, (2) defendant's lack of a criminal history, including the fact that defendant did not commit any further offenses after the robbery, (3) the fact that defendant had maintained a continuous work record, (4) defendant's young age, and (5) defendant's cooperation with the court and law enforcement. On the basis of these factors, the trial court sentenced defendant to serve a total of 9 months in jail, with credit for time served. Furthermore, the trial court stated that it intended that this sentence be sustained if, on appeal, any of these factors was held to be a substantial and compelling reason for departing.

*350 III. The Departure Factors
As our Supreme Court has explained, the phrase "substantial and compelling reason" has "acquired a peculiar and appropriate meaning in the law and, thus, it must be construed according to such meaning." Babcock, supra at 257, 666 N.W.2d 231. A substantial and compelling reason is "an `objective and verifiable' reason that `"keenly" or "irresistibly" grabs our attention'; is `of "considerable worth" in deciding the length of a sentence'; and `exists only in exceptional cases.'" Id. at 258, 666 N.W.2d 231, quoting People v. Fields, 448 Mich. 58, 62, 67-68, 528 N.W.2d 176 (1995). "To be objective and verifiable, a reason must be based on actions or occurrences external to the minds of those involved in the decision, and must be capable of being confirmed." People v. Havens, 268 Mich.App. 15, 17, 706 N.W.2d 210 (2005).

A. The Size of the Knife
At defendant's sentencing, the trial court noted that the size of the knife used by defendant to commit the robbery was "very small, not overwhelmingly large, or sharp or obviously more dangerous or serious." The trial court determined that defendant's use of a small knife constituted a "mitigating" circumstance surrounding the commission of the offense, which warranted a downward departure from the sentencing guidelines. We do not agree.
In order to calculate the recommended minimum sentence range for armed robbery, the trial court was first required to score defendant's prior record variables (PRVs) and offense variables (OVs). MCL 777.21(1)(a) and (b). OV 1 and OV 2 of the sentencing guidelines address a defendant's use of a weapon. See MCL 777.31 and MCL 777.32. Hence, the guidelines clearly account for the use of a weapon during the commission of an offense.
Under MCL 769.34(3)(b), a trial court may not "base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." Thus, as a threshold matter, before the trial court could even consider whether the size of the knife constituted a substantial and compelling reason to depart downward from the minimum sentence range, the trial court first had to conclude that the use of the knife was given inadequate or disproportionate weight under the sentencing guidelines. Because the requirements of MCL 769.34(3)(b) are stated in terms of the weight accorded a particular offense or offender characteristic under the sentencing guidelines, before a trial court can determine whether that characteristic was given inadequate or disproportionate weight, the trial court must determine how that characteristic affected the defendant's minimum sentence range. Thus, in order to find that the use of the knife was given inadequate or disproportionate weight, the trial court first had to determine how many points were scored under the guidelines for defendant's use of a knife and then determine what effect, if any, those points had on the recommended minimum sentence range.
OV 1 addresses a defendant's aggravated use of a weapon during the commission of the offense. See MCL 777.31(1). Under MCL 777.31(1)(c), if the defendant caused the victim to have "a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon," OV 1 should be scored at 15 points. If the defendant merely displayed or implied that he or she *351 had a weapon, OV 1 should be scored at five points. MCL 777.31(1)(e). In the present case, the trial court did not score OV 1.
OV 2 addresses the lethal potential of a weapon possessed or used by a defendant during the commission of the offense. See MCL 777.32(1). MCL 777.32(1)(d) provides that the trial court should score OV 2 at five points if the "offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon[.]" Because defendant used a knife in the commission of the armed robbery, the trial court properly scored OV 2 at five points.
Given the trial court's scoring of OV 1 and OV 2, defendant's use of a knife in the commission of the robbery resulted in the scoring of five OV points. Because no other variables were scored, these points were defendant's only OV points. This placed defendant at the lowest possible OV level for the offense. See MCL 777.62. Therefore, defendant's use of a knife during the commission of the robbery, as scored by the trial court, did not have any effect on defendant's recommended minimum sentence range. Instead, the recommended minimum sentence range reflected the sentence that the Legislature deemed appropriate on the basis of the seriousness of the offense alone. See MCL 777.16y (classifying armed robbery as a class A offense) and MCL 777.62 (setting the minimum sentence ranges for class A offenses). Because defendant's use of a knife did not alter the sentencing guidelines range, as a matter of law, the trial court could not conclude that the sentencing guidelines gave disproportionate weight to the use of the knife. Further, although one might argue that the guidelines gave inadequate weight to defendant's use of the knife, any inadequacy would not support a downward departure. Indeed, defendant received the same recommended minimum sentence that he would have received had he had no weapon at all. We fail to see how using a small knife, as opposed to a larger one, is such a mitigating factor that it warrants a lesser sentence than the one prescribed for using no knife at all. Such a determination clearly falls outside the range of reasonable and principled outcomes. Babcock, supra at 269, 666 N.W.2d 231. Consequently, the trial court abused its discretion when it considered the size of the knife as a ground for a downward departure from the recommended minimum sentence range. MCL 769.34(3)(b).

B. Defendant's Criminal History
The trial court also found that defendant had no prior criminal record and that he did not commit any offenses during the two years that it took to prosecute the present offense. The trial court concluded that these findings also warranted a downward departure from the sentencing guidelines. We conclude that, under the facts of this case, defendant's lack of a prior criminal record does not warrant a downward departure from the sentencing guidelines.
Courts in Michigan have traditionally considered a defendant's criminal history in determining the length of sentence that would be appropriate for a particular defendant. See People v. McFarlin, 389 Mich. 557, 574-575, 208 N.W.2d 504 (1973) (holding that the presentence report should include information concerning a defendant's juvenile record and noting that "differentiation in sentencing predicated on differences in the backgrounds of offenders is contemplated by the indeterminate sentencing and probation acts"); see also People v. Milbourn, 435 Mich. 630, 651, 461 N.W.2d 1 (1990) ("[W]e believe it reasonable to conclude that the Legislature, in setting a range of allowable punishments for a single felony, intended persons whose conduct is more harmful and *352 who have more serious criminal records to receive greater punishment than those whose criminal behavior and prior record are less threatening to society."), and Fields, supra at 77, 528 N.W.2d 176 (noting that trial courts may consider a defendant's prior record when determining whether a departure from a mandatory minimum sentence imposed under MCL 333.7401 is warranted). This tradition has been continued with the enactment of the sentencing guidelines.
Under the sentencing guidelines, the recommendation for a defendant's minimum sentence is determined in significant part by the defendant's criminal history. This is accomplished by scoring a defendant's PRVs and applying them to the sentencing grid. See MCL 777.21(1). The PRVs account for the number of prior offenses committed by the defendant, the severity of the prior offenses, whether the prior offenses were juvenile adjudications, and whether the prior offenses were felonies or misdemeanors. See MCL 777.51, MCL 777.52, MCL 777.53, MCL 777.54, and MCL 777.55. In addition, under MCL 777.56, the trial court is to score points based on the defendant's current relationship to the criminal justice system, including whether the defendant was out on bail while awaiting adjudication or sentencing for a different offense when he or she committed the sentencing offense. Finally, the trial court must also score points for offenses that the defendant committed after or concurrently with the offense being scored. MCL 777.57. Because the sentencing guidelines make elaborate provision for a defendant's criminal record and base the recommended minimum sentence in part on those provisions, a trial court may not depart from the recommended minimum on the basis of a defendant's prior record unless the trial court first finds that the sentencing guidelines gave inadequate or disproportionate weight to the defendant's criminal history. MCL 769.34(3)(b); see also MCL 769.31(c) (defining "offender characteristics" to mean "the prior criminal record of an offender"). Further, if a defendant is a first-time offender, the sentencing guidelines clearly require that the defendant's PRVs be scored at zero points. See, e.g., MCL 777.51(1)(d), MCL 777.52(1)(e), and MCL 777.53(1)(d). Hence, the guidelines account for a defendant's lack of a criminal history. Consequently, a trial court must determine that the sentencing guidelines gave inadequate or disproportionate weight to the defendant's lack of a criminal history before it may depart on that basis. MCL 769.34(3)(b).
In the present case, defendant had no prior record, did not commit any offenses while awaiting adjudication of the robbery offense, and committed no concurrent or subsequent offenses. Accordingly, the trial court properly scored defendant's PRV total at zero points. On the basis of this, defendant's OVs and PRVs placed him in the lowest possible minimum sentence range for a class A offense. See MCL 777.62. Had defendant had even one PRV point scored against him, his minimum sentence range would have increased to 27 to 45 months in prison. Id. Hence, the recommended minimum sentence range of 21 to 35 months in prison represents the legislatively approved minimum range for the commission of a class A offense by a first-time offender with 19 or fewer OV points.
As noted earlier, in order to depart from the sentencing guidelines on the basis of defendant's lack of a prior criminal history, the trial court had to first conclude that the sentencing guidelines gave inadequate or disproportionate weight to the defendant's criminal history. MCL 769.34(3)(b). Because defendant had no points scored under the PRVs, it cannot be demonstrated *353 that his criminal history was given inadequate or disproportionate weight. Instead, defendant's minimum sentence range reflected the range that the Legislature deemed appropriate for a first-time offender. Consequently, the trial court abused its discretion when it concluded that defendant's lack of a prior criminal record, standing alone, warranted a departure from the recommended minimum sentence.[1]

C. Defendant's Employment History
A defendant's employment history is not accounted for under the sentencing guidelines. Thus, trial courts are not precluded by MCL 769.34(3)(b) from considering a defendant's history of employment as a basis for departing from the recommended minimum sentence.[2] Further, employment is both objective and verifiable. Babcock, supra at 257-258, 666 N.W.2d 231. Nevertheless, we cannot agree with the trial court's conclusion that defendant's employment record constitutes a substantial and compelling reason to depart from the recommended minimum sentence range. As our Supreme Court has explained,
"substantial and compelling" cannot acquire a meaning that would allow trial judges to regularly use broad discretion to deviate from the statutory minimum. Such an interpretation would defeat the intent of the statute. Rather, it is reasonable to conclude that the Legislature intended" substantial and compelling reasons" to exist only in exceptional cases. [Fields, supra at 68, 528 N.W.2d 176.]
Thus, only extraordinary employment histories will "keenly" or "irresistibly" grab one's attention and be "of considerable worth" in deciding the length of a sentence. Id. at 67, 528 N.W.2d 176. If, as in this case, the defendant's employment history is not particularly lengthy or noteworthy, it will not constitute a substantial and compelling reason for a downward departure. See People v. Claypool, 470 Mich. 715, 727, 684 N.W.2d 278 (2004) (holding that employment as a cabdriver for less than two years did not constitute a substantial and compelling reason for departing from the sentencing guidelines). Consequently, the trial court abused its discretion when it determined that defendant's employment history warranted a departure.

D. Defendant's Age
The trial court also considered defendant's young age to be a factor warranting departure from the recommended minimum sentence range. The court explained: "Defendant is 22. Again, he has no other prior background, and the court will note no juvenile background; and to now be facing a life offense in this court's opinion for purposes of rehabilitation, punitive measures, deterrent are unfair and not just." We do not agree that this constitutes a substantial and compelling reason for a downward departure from the recommended minimum sentence range. Defendant's age, standing alone, does not "keenly" or "irresistibly" grab one's attention. Babcock, supra at 257-258, 666 N.W.2d 231. Furthermore, to the extent *354 that the trial court concluded that defendant's age, in conjunction with his lack of a prior criminal record warranted reversal, we do not believe that the age of 22 years "is particularly old to not yet have a more lengthy criminal record." Claypool, supra at 727, 684 N.W.2d 278. Therefore, the trial court abused its discretion when it determined that defendant's young age warranted a departure from the recommended minimum sentence range.

E. Defendant's Cooperation
The last factor considered by the trial court in departing from the sentencing guidelines was defendant's cooperation with the court and law enforcement. The trial court explained that defendant had cooperated with his defense attorney, reported timely to the court, and been "cooperative and respectful" in front of the court. We conclude that defendant's cooperation did not rise to the level of a substantial and compelling reason for a departure.
Whether defendant cooperated with his defense attorney and was respectful before the trial court are subjective judgments that are not external to the minds of those involved in the decisions and, consequently, are not objective and verifiable. Havens, supra at 17, 706 N.W.2d 210; see also People v. Clark, 185 Mich.App. 127, 133, 460 N.W.2d 246 (1990) (noting that the extent of a defendant's cooperation must be objective and verifiable). Because these factors are not objective and verifiable, they cannot constitute substantial and compelling reasons for departure. Babcock, supra at 257-258, 666 N.W.2d 231. Whether defendant reported timely to the court is objective and verifiable. Nevertheless, defendant's punctuality does not "keenly" or "irresistibly" grab one's attention and does not have considerable worth in deciding an appropriate sentence. Babcock, supra at 258, 666 N.W.2d 231. Hence, it does not constitute a substantial and compelling reason to depart from the recommended minimum sentence.

IV. Conclusion
The trial court failed to articulate any substantial and compelling reasons for departing from the recommended minimum sentence. Therefore, the sentence was invalid. Buehler, supra at 24, 727 N.W.2d 127.
We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.
NOTES
[1] We do not preclude the possibility that a downward departure might be warranted on the basis of another factor, such as the defendant's age, in conjunction with the defendant's lack of a criminal record. Cf. People v. Claypool, 470 Mich. 715, 727, 684 N.W.2d 278 (2004) (considering the defendant's age in conjunction with the defendant's limited criminal record); see also Fields, supra at 78, 528 N.W.2d 176.
[2] However, trial courts are precluded from considering a defendant's lack of employment as a basis for departing from the guidelines. See MCL 769.34(3)(a).