# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL LEON HENDERSON,

        Defendant-Appellant.

UNPUBLISHED
July 28, 2015

No. 321225
Lake Circuit Court
LC No. 13-005120-FH

Before: SERVITTO, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon (CCW), MCL 750.227(2), and driving with a suspended license, MCL 257.904. Defendant was sentenced to 12 months in jail for CCW and 93 days in jail for driving with a suspended license. We affirm.

Defendant's sole argument on appeal is that there was insufficient evidence to support his conviction for CCW and that the trial court abused its discretion in denying his motion for a judgment of acquittal or new trial. We disagree.

We review a denial of a motion for new trial for an abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

A trial judge "may grant a new trial only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998). If the " 'evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions,' the judge may not disturb the jury findings although his judgment might incline him the other way." *Id*. at 644, quoting *State v Kringstad*, 353 NW2d 302, 307 (ND, 1984). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial," *Lemmon*, 456 Mich at 647, as "[i]t is the province of the jury to determine questions of fact and assess the credibility of witnesses," *Id*. at 637. "If the evidence presented by the prosecution in the light most favorable to the prosecution, up to the time the motion is made, is insufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt, a directed verdict or judgment of acquittal must be entered." *Id*. at 634.

-1-

Lake County Sheriff's Department Deputy Robert Meyers Jr. testified that in the early morning hours of November 16, 2013, he pulled over a pickup truck after the driver, defendant, committed a civil infraction by failing to dim the vehicle's bright lights as he passed the deputy's car. Lake County Sheriff's Department Deputy Corey McGee testified that when he arrived on the scene, he asked defendant whether he had any weapons in the vehicle. According to McGee, defendant replied, " 'Let me be honest, yes.' " McGee testified that he asked "what was in the vehicle," and defendant informed him that there was a handgun under the driver's seat. McGee further testified that defendant did not have time to look around the vehicle before replying. McGee stated that he inquired whether the weapon was cased and unloaded, and defendant replied that it was. McGee testified that defendant told him that the gun belonged to a family member. Meyers testified that he retrieved the handgun, a Jimenez .380 caliber, from inside the vehicle. According to Myers, the gun was inside a holster and the fully loaded magazine was in the magazine pouch.

Statements regarding how the gun was stored and whether it was loaded, when given without an examination of the gun, evidences knowledge about the gun and supports the conclusion that defendant knew it was in the vehicle. While defendant testified that he did not say "let me be honest" to McGee and that he did not know the gun was in the car until he went to retrieve his registration from the glovebox when pulled over, the jury is free to believe or disbelieve any witness's testimony. *Guerrero v Smith*, 280 Mich App 647, 669; 761 NW2d 723 (2008).

Defendant also directs this Court to the testimony of Tim Collins, a long-time friend of defendant, whom he calls "Uncle Mike," though they are not related. Collins testified that the handgun found in defendant's vehicle was his. Collins testified that he purchased the gun on November 9, 2013, while at a "hunting expo" in Tennessee and brought it back to Michigan where he lives. Collins explained that he and defendant were at a "deer camp" with several other hunters on November 15, 2013. Collins testified that he borrowed defendant's truck on that evening to run some errands and left the handgun under the seat without telling defendant that he had done so.

The jury could have rejected Collins's testimony, as is its prerogative as fact-finder. See *Lemmon*, 456 Mich at 637 (stating that "it is the province of the jury to determine questions of fact and assess the credibility of witnesses"). Or, the jury could have completely credited Collins's testimony and still found defendant guilty. The jury could have believed that Collins did not tell defendant that he had placed his gun in the vehicle, but that defendant discovered the gun prior to the traffic stop. The evidence presented by the prosecution, if the jury chose to believe it, was sufficient to convict defendant.

Defendant also asserts that the trial court abused its discretion by refusing to consider whether the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt. Defendant supports his argument with the trial judge's statement, "And I'm not really allowed, I don't believe, to substitute my own personal thoughts, either good or bad, as to what the jury . . . may have found." Rather than evidencing a failure to address the motion, the judge's comments reflect the relevant caselaw that "the trial court may not substitute its view of" witness credibility, i.e., act as if it were "a thirteenth juror," and "disturb the jury findings" even if its "judgment might incline [it] the other way." *Lemmon*, 456 Mich at 643, 644, 647.

Further, the record indicates that the trial court did in fact assess whether the evidence could prove defendant's guilt beyond a reasonable doubt. Before denying defendant's motion, the trial court noted:

> But, again, I think there was (sic) issues of when [defendant] knew. Clearly he knew at some point in time that the weapon was in the vehicle. And there was statements both by the officer and I think by the defendant as to which exact version they believed.
>
> And I think based on that, that I think that there would be evidence beyond a reasonable doubt if the jury was to believe . . . which statements, then, they chose to believe.

As indicated above, the evidence adduced was sufficient to support the jury verdict.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane M. Beckering
/s/ Mark T. Boonstra