# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL ANTHONY CALANCHI,

      Defendant-Appellant.

UNPUBLISHED
August 4, 2015

No. 321966
Ottawa Circuit Court
LC No. 13-037994-FC

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; and two counts of resisting or obstructing an officer, MCL 750.81d(1). He was sentenced to 51 to 180 months' imprisonment for armed robbery and to 365 days in jail for each count of resisting or obstructing an officer. Defendant appeals as of right. We affirm.

Defendant first argues that there was insufficient evidence to support his armed robbery conviction. We review the sufficiency of the evidence de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). In doing so, we view "the evidence in the light most favorable to the prosecution" and determine "whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id*. at 175.

Under MCL 750.529, "[a] person who engages in conduct proscribed under [MCL 750.530, the robbery statute,] and who in the course of engaging in that conduct, possesses a dangerous weapon . . . is guilty of a felony punishable by imprisonment for life or for any term of years." On appeal, the only element defendant challenges is whether he possessed the necessary intent. In order to establish the requisite intent for armed robbery, "the prosecutor must establish that the defendant intended to permanently deprive the owner of property." *People v Lee*, 243 Mich App 163, 168; 622 NW2d 71 (2000). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

In this case, defendant entered a grocery store without any money, grabbed a case of beer, and after failing to produce identification or payment, walked through the checkout lane and

-1-

toward the front door of the store with the beer. He did not stop until the manager approached him, tapped him on the arm, and pointed to put the beer down. Defendant did so, but he thereafter threatened the manager with a knife, picked the beer back up, and threw it to the ground, smashing it on the floor. These facts permit a reasonable inference that defendant possessed the beer with the intent to permanently deprive the owner of it. Moreover, during an interview with the police, defendant admitted that he would have "just taken the beer and left" if the manager had not confronted him. Therefore, viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find that defendant intended to permanently deprive the store of the beer. *Harverson*, 291 Mich App at 175.

Next, defendant argues that the trial court erred by not departing below the recommended minimum sentence range under the legislative guidelines because there were a number of substantial and compelling reasons that justified a downward departure. We "review for clear error a trial court's determination of whether a particular factor for departure exists." *People v Bosca*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 317633); slip op at 25.

Generally, a trial court must impose a minimum sentence within the sentencing guidelines range. *People v Lopez*, 305 Mich App 686, 689-690; 854 NW2d 205 (2014). However, "[a] court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). "Substantial and compelling reasons for departure exist only in exceptional cases." *People v Smith*, 482 Mich 292, 299; 754 NW2d 284 (2008). Reasons for departure are substantial and compelling where they are "objective and verifiable" and "of considerable worth in determining the length of the sentence and . . . keenly or irresistibly grab the court's attention." *Id*. A reason is "objective and verifiable" where "the facts to be considered by the court . . . [are] actions or occurrences that are external to the minds of the judge, defendant, and others involved in making the decision, and . . . [are] capable of being confirmed." *People v Abramski*, 257 Mich App 71, 74; 665 NW2d 501 (2003). It is improper for a trial court to "base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." *People v Young*, 276 Mich App 446, 450; 740 NW2d 347 (2007), quoting MCL 769.34(3)(b).

On appeal, defendant argues that either it was erroneous to score either Prior Record Variable (PRV) 6, MCL 777.56 (relationship to criminal justice system) or PRV 7, MCL 777.57 (subsequent or concurrent felony convictions), or that the underlying circumstances for those convictions justified a downward departure. Defendant's rationales for why PRVs 6 and 7 should not be scored, or otherwise justify a departure, are not supported with any legal authority. Thus, they are abandoned. See *People Ackerman*, 257 Mich App 434, 450; 669 NW2d 818 (2003) ("the failure to cite any supporting legal authority constitutes abandonment of an issue").

Defendant also argues for a downward departure based on his family support, age, minimal criminal record, the lack of fear by the victims, and unusual circumstances in the case. Defendant cites *People v Portellos*, 298 Mich App 431, 455; 827 NW2d 725 (2012), to support that the combination of his age, family support, and other history justified a downward departure.

However, in *Portellos*, the defendant had strong family and community support, no prior criminal record, was 30 years old, had a solid job history as a good employee, cooperated with the police, had a learning disability, and had an associate's degree despite her disability. *Id.* Her case was an exceptional one wherein the objective and verifiable factors keenly and irresistibly grabbed the court's attention. Here, while defendant had objective and verifiable family support, he did not cooperate with the police during his arrest, he was 20 years old at the time of the offense and had a prior record that included a third-degree retail fraud offense, and he was on probation for his third minor-in-possession offense. The facts in this case do not keenly and irresistibly grab our attention and do not justify a downward departure. *Smith*, 482 Mich at 299.

Moreover, contrary to defendant's argument, the record supports that the store employees and bystanders were in fear while defendant was walking throughout the store with a knife in his hand. And, while the facts may have been slightly "unusual" for an armed robbery case because the record indicates that defendant was drunk and claimed that he wanted to be arrested, the record does not demonstrate that this is an "exceptional" case that justifies a downward departure. *Id.* Therefore, there was no clear error in the trial court's decision to deny defendant's request for a downward departure from the recommended minimum sentence range under the legislative guidelines. *Bosca*, ___ Mich App at ___; slip op at 25-26.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens