# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TYREL DESHAWN FLOWERS,

        Defendant-Appellant.

UNPUBLISHED
June 21, 2016

No. 326390
Wayne Circuit Court
LC No. 14-005872-FH

Before: M. J. KELLY, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant, Tyrel Deshawn Flowers, appeals by right his bench conviction of unarmed robbery, MCL 750.530. The trial court sentenced him to serve 60 months to 15 years in prison with credit for 245 days. On appeal, Flowers argues that his trial lawyer was ineffective and that he is entitled to resentencing. We conclude that there were no errors warranting any relief. Accordingly, we affirm.

Flowers contends that his trial lawyer provided ineffective assistance by failing to enter into plea negotiations and by failing to fully inform him about the likely minimum sentence range under the sentencing guidelines. Had he known about the potential minimum prison term, Flowers asserts, he would not have risked going to trial. Because the trial court did not hold an evidentiary hearing on this issue, our review is limited to mistakes that are apparent on the record alone. *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864.

In order to establish ineffective assistance that warrants a new trial, Flowers must demonstrate that his trial lawyer's failure to enter into plea negotiations or apprise him of the potential minimum sentence fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for the error, the outcome would have been different. *Id.* at 22. This Court reviews de novo whether a particular act or omission fell below an objective standard of reasonableness under prevailing professional norms and prejudiced the defendant. *Id.* at 19-20. This means that, with regard to a claim involving plea-bargaining, Flowers must show that, but for his trial lawyer's failure to negotiate,

> "there is a reasonable probability that the plea offer would have been presented to
> the court (i.e., that the defendant would have accepted the plea and the prosecutor
> would not have withdrawn it in light of intervening circumstances), that the court

-1-

would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." [*People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), quoting *Lafler v Cooper*, 566 US ___, ___; 132 S Ct 1376, 1385; 182 L Ed 2d 398 (2012).]

The record contains a document entitled "Final Pre-trial Conference Summary and Firm Trial Date Contract," dated September 30, 2014, with a section entitled, "Final Settlement Offer," which was left blank. This suggests that the prosecutor did not make a plea offer. Moreover, the prosecutor's statements at sentencing suggest that the prosecutor intended to take Flowers to trial and seek a significant minimum sentence. Even assuming that Flowers' trial lawyer made no effort to seek a plea deal, there is no evidence on this record that the prosecutor would have entered into plea negotiations or that Flowers would have received a less severe sentence. See *Lafler*, 566 US at ___; 132 S Ct at 1384. As for his claim that he was not fully informed about the potential minimum sentence, there is record evidence that the trial court told him about the seriousness of his most recent offense in light of his prior convictions and warned him that he faced a significant minimum sentence. In any event, even if he had not been informed about the potential sentence, for the reasons already discussed, we cannot conclude that the failure to better inform him warrants relief; there is simply no evidence that the prosecutor was willing to enter into a plea deal that would have resulted in a lighter sentence. Flowers has not established ineffective assistance warranting relief. *Gioglio*, 296 Mich App at 23.

Next, Flowers contends that he is entitled to resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because there were mitigating factors that were not taken into consideration at his sentencing. As in *Lockridge*, Flowers "did not object to the scoring of the OVs at sentencing" on the ground that the trial court made improper findings, "so our review is for plain error affecting substantial rights." *Id.* at 392, citing *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). The only OV that was scored on the sentencing information report was OV 13, which was scored 25 points for a continuing pattern of criminal behavior.[1] Since the OV 13 score was based only upon the number and kind of Flowers' convictions, and is not scored on the basis of improper judicial fact-finding, Flowers' sentence does not violate the rule stated in *Lockridge* and does not require a remand. See *People v Jackson (On Reconsideration)*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 322350).

Flowers does not contend that there were any errors in the scoring of the sentencing guidelines. Instead, he argues that other mitigating factors were not considered that would have reduced his sentence. He argues that the guidelines did not take into consideration that his three prior felonies all happened within a short time. Flowers' prior convictions arose from crimes committed in 2011, 2012, and 2013. They were all prosecuted at the same time, but they happened over a three-year period. Flowers also contends that the fact that he was sentenced to youthful trainee status for all three offenses is a mitigating factor for a lower guidelines score.

---

[1] At sentencing, the trial court struck the points originally assessed under OV 10.

Yet he has not identified the legal or factual basis for this argument. As such, he has abandoned this claim on appeal. *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006).

Flowers also contends that the court did not consider that he came from a broken home, had no contact with his father, was one of six children, and had a difficult upbringing. Again, he does not present any supporting authority for the fact that his difficult childhood should be a mitigating factor to lower his sentence. We fail to see how his troubled childhood supports a lower sentence, considering his prior criminal record and the fact that he was an adult. We additionally cannot agree that his young age—especially in light of his criminal record—is such a mitigating factor that it would warrant a lighter sentence. See *People v Young*, 276 Mich App 446, 457; 740 NW2d 347 (2007). And his trial lawyer cannot be faulting for failing to raise these meritless claims. *People v Riley (After Remand)*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Flowers failed to establish grounds for resentencing.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly