# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID ALLEN SMITH,

        Defendant-Appellant.

UNPUBLISHED
January 16, 2018

No. 333983
Oakland Circuit Court
LC No. 2015-256613-FC

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a); MCL 750.520b(2)(b) (person under 13, defendant 17 years of age or older). The trial court sentenced defendant to concurrent terms of 25 to 50 years' imprisonment for each conviction. We affirm.

This case arises from allegations that defendant sexually assaulted his step-sister. In March of 2008, when the victim was 10 years old, she moved with her mother and step-father, who was defendant's father, to a house in Oak Park, Michigan. Defendant was 17 years old at that time and lived with his mother, but he would visit his father on the weekends. According to the victim, defendant sexually abused her from 2008 through 2009, at which point defendant stopped visiting as frequently. The victim did not tell her parents about the abuse until 2012, and did not report the abuse to police until 2015.

Defendant first argues that his convictions were against the great weight of the evidence. We disagree. This Court reviews a trial court's grant or denial of a new trial on the ground that the verdict was against the great weight of the evidence for an abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

"A trial court may grant a motion for a new trial based on the great weight of the evidence only if the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Unger*, 278 Mich App at 232, citing *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998); see also *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). "Conflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial" because "issues of witness

-1-

credibility are for the trier of fact." *Unger*, 278 Mich App at 232. Additionally, in general, "a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Stated differently, "[u]nless it can be said that directly contradictory testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it, or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." *People v Musser*, 259 Mich App 215, 219; 673 NW2d 800 (2003) (quotation marks and citations omitted).

Defendant was convicted of three counts of CSC I under MCL 750.520b(1)(a) and MCL 750.520b(2), the elements of which are that (1) the defendant engaged in sexual penetration with another person, (2) the other person was under 13 years of age, and (3) the defendant was 17 years of age or older. See *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012).

The victim testified that defendant sexually engaged her on several occasions. The first time was in the downstairs storage room during the spring of 2008 when the victim was 10 years old and defendant was 17 years old. The second time was in the victim's bedroom in August 2008 when the victim was 11 years old and defendant was 18 years old. The third time was in the living room in September 2008 when the victim was 11 years old and defendant was 18 years old. The fourth time was in the downstairs bathroom in December 2008 when the victim was 11 years old and defendant was 18 years old. The victim further testified that she could not recall exactly how many times defendant had intercourse with her in the bathroom, but estimated that she could count the number of times on both hands.

The victim testified that she did not experience any soreness, pain, or bleeding after any of the assaults. On appeal, defendant argues that the victim's testimony was patently untrue and impossible because, given her age at the time of the alleged incidents and the angle of penetration, she would have experienced both vaginal bleeding and soreness. Defendant does not offer any evidence to support this assertion, but instead points to "[c]ommon sense and human experience." However, defendant's assumptions about female anatomy are generalizations, which do not necessarily apply to the victim's body or this particular set of circumstances. Therefore, defendant has not shown that the victim's testimony is impossible.

Defendant further argues that the victim's testimony is impossible because her mother and step-father would have been aware of any inappropriate behavior going on in the small residence, yet they testified that they were not aware of, nor did they suspect, that any inappropriate behavior was occurring. However, the victim testified that many of these assaults occurred in the basement or in other rooms of the house while her mother and step-father were in their bedroom. According to the victim, defendant would instruct her to go into a room where they would be alone, either the storage room, the victim's bedroom, or the downstairs bathroom, and would stop when he suspected someone might see them. On appeal, defendant contends that the victim's explanations are inadequate because life experience shows that intercourse is noisy, and any noise from defendant's assault on the victim in her bedroom would have been heard by the victim's mother and step-father in their bedroom. However, this argument, like defendant's previous argument, relies on generalizations that do not necessarily apply in this instance. Moreover, the victim testified that her mother and step-father's bedroom was down a hallway

from her bedroom, that their bedroom door was closed, and that it was not uncommon for them to watch television in their bedroom. It is not impossible to believe that the victim's mother and step-father were watching television and that the noise from the television drowned out any noise from defendant's assault on the victim.

Defendant also argues that his conviction was against the great weight of the evidence because the victim's allegations were corroborated by only one witness, the victim's cousin, whose testimony was thoroughly impeached at trial. The victim's cousin testified that he saw defendant standing behind the victim, who was bent over a computer stand, in the storage room of the basement. According to the cousin, the victim's pants were pulled down and their bodies were moving. Defense counsel impeached the victim's cousin with a prior statement he had made to police in which the cousin denied seeing anything inappropriate between defendant and the victim. However, the victim's cousin clarified that what he had told the police was that he "didn't want to talk about it." Moreover, defendant's argument ignores the fact that the prosecutor was not required to corroborate the victim's account because the victim's testimony alone can provide sufficient evidence to support a conviction. MCL 750.520h; *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577, 580 (2016).

Defendant further argues that the victim only alleged that these offenses occurred after she was punished for breaking a house rule, and her claims were only pursued after her parents began experiencing marital discord. However, the victim's motives to fabricate these allegations, and her reasons for delaying the disclosure of the assaults, were topics explored at trial, and the victim's credibility was within the province of the jury. *Unger*, 278 Mich App at 232.

Based on the foregoing, it cannot be said that the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. Accordingly, the jury's verdict was not against the great weight of the evidence, and defendant is not entitled to a new trial.

Next, defendant argues that the trial court erroneously suppressed evidence related to his charges in Wayne County that had resulted in an acquittal on one charge involving oral sex with the victim while she was living in a house in Detroit, Michigan. Specifically, defendant argues that the trial court should have allowed evidence of his acquittal for the count involving oral sex to be presented to the jury. However, at trial, defendant moved to suppress evidence related to the alleged assaults that occurred in the house in Detroit, Michigan, including evidence of his acquittal related to the count involving oral sex. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Blazer Foods, Inc v Rest Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003) (citation and quotation marks omitted). Doing so would allow a

defendant to "harbor error as an appellate parachute." *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000).[1]

Lastly, defendant contends that he was denied the effective assistance of counsel when defense counsel failed to impeach the victim at trial with her preliminary examination testimony regarding an instance when defendant allegedly assaulted her on the basement stairs. We disagree. Because defendant failed to preserve his ineffective assistance claim, our review is limited to mistakes apparent on the existing record. *Lockett*, 295 Mich App at 186. "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

In order to obtain a new trial based on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id*. at 51. When claiming ineffective assistance of counsel, the "defendant bears a heavy burden in establishing that counsel's performance was deficient and that [the defendant] was prejudiced by the deficiency." *People v Lopez*, 305 Mich App 686, 693-694; 854 NW2d 205 (2014) (citation and quotation marks omitted). This Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," taking into account that, under the circumstances, "the challenged action might be considered sound trial strategy." *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (citation and quotation marks omitted). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Here, defendant's argument incorrectly presumes that the victim was asked at trial to recount every single instance of assault. During trial, the victim was questioned about specific instances of assault, but was never asked to recount every single instance of abuse, nor was she specifically questioned about the instance from her preliminary examination to which defendant is referring. Thus, the victim's testimony at trial was not inconsistent with her testimony during the preliminary examination in this regard, and defense counsel would not have been able to impeach the victim with this information. Moreover, it is clear that defense counsel at trial likely did not pursue this line of questioning because it was harmful to defendant. Defendant has not explained why defense counsel's decision to not place before the jury more allegations of abuse

---

[1] Even were we to address this unpreserved issue, defendant's argument fails. As the trial court correctly noted, the alleged act of oral sex from the Wayne County case was dissimilar from the allegations of abuse which formed the basis for defendant's charged offenses in this case. See *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012). And contrary to defendant's argument that the evidence was admissible under MRE 106, defendant did not seek to introduce a complete writing or recorded statement pertaining to his acquittal, and, therefore, MRE 106 is inapplicable. See *People v Solloway*, 316 Mich App 174, 200-201; 891 NW2d 255 (2016).

made by the victim against defendant was not sound trial strategy. Accordingly, defendant failed to overcome the strong presumption that defense counsel's performance fell within the wide range of reasonable professional assistance.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien