# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 26, 2016

Plaintiff-Appellee,

v

No. 323159
Wayne Circuit Court
LC No. 06-011379-FC

THOMAS HAROLD ZAKER,

Defendant-Appellant.

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying his motion to withdraw his no contest plea to one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(h)(i), and one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(h)(i). We reverse in part and remand.

Defendant pleaded no contest to CSC I and CSC II in 2007, and was sentenced, pursuant to a *Cobbs*[1] agreement, to 9 to 15 years' imprisonment for each count. Defendant's sentence for CSC I, however, did not include lifetime electronic monitoring, as mandated by MCL 750.520b(2)(d). In 2013, defendant was accordingly resentenced to include lifetime electronic monitoring, and defendant subsequently filed a motion to withdraw his no contest plea, arguing that his *Cobbs* agreement had been violated and that he was entitled to withdraw his plea. The trial court denied defendant's motion as noted above.

Defendant argues that the trial court was required to permit him to withdraw his no contest plea when the trial court increased his sentence beyond the initial *Cobbs* evaluation. We agree to the extent that the trial court should have permitted defendant to withdraw his no contest plea to the CSC I count. Lifetime electronic monitoring was imposed as part of defendant's CSC I conviction, and could not be imposed as part of his CSC II conviction because lifetime electronic monitoring for CSC II is only imposed when the victim is younger than 13 and the defendant is older than 17. MCL 750.520c(2)(b). Thus, any right to plea withdrawal here would logically rest only with the CSC I count.

---

[1] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

"This Court reviews for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

MCR 6.310(C) governs withdrawal of guilty pleas after the imposition of a sentence:

> The defendant may file a motion to withdraw the plea within 6 months after sentence. Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500.

MCR 6.502 in turn governs motions for relief from judgment. Defendants are only permitted to present one motion for relief from judgment, but may present more if new evidence that was previously unavailable is discovered or if a retroactive change in law is enacted. MCR 6.502(G). Therefore, the court rule clearly allows a defendant within six months after the imposition of a sentence to seek to withdraw a plea, and attempts to withdraw a plea after the initial six months requires a motion for relief from judgment.

Turning to the grounds on which defendants may rest their arguments for plea withdrawal, the Michigan Supreme Court has held that in the context of *Cobbs* agreements, defendants are entitled to an "absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). The Michigan Supreme Court has also held, for the purposes of whether lifetime electronic monitoring under MCL 750.520b(2)(d) could be considered a "sentence," that the plain text of the statute renders lifetime electronic monitoring a "sentence." *People v Cole*, 491 Mich 325, 335-336; 817 NW2d 497 (2012).

This Court recently confronted a similar factual situation in *People v Comer*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 318854, issued October 8, 2015); slip op at 1. There, the defendant pleaded guilty to CSC I, and was sentenced without mention of lifetime electronic monitoring. *Id.* at ___; slip op at 1-2. Thereafter, the trial court realized its omission of the lifetime electronic monitoring provision and, accordingly, found the defendant's guilty plea to be invalid. *Id.* at ___; slip op at 2. To remedy the error, the trial court offered the defendant the opportunity to withdraw his guilty plea, but the defendant declined the offer. *Id.* at ___; slip op at 2. Although the defendant's reason for appeal was to contest whether lifetime electronic monitoring was mandatory under MCL 750.520b in his case, one of the Court's conclusions was that the trial court acted properly in offering the defendant the opportunity to withdraw his guilty plea in light of the omitted lifetime electronic monitoring sentence. *Id.* at ___; slip op at 3. Thus, because the sentence was "invalid," the trial court appropriately permitted the defendant the opportunity to withdraw the guilty plea. *Id.* at ___; slip op at 3.

The trial court here abused its discretion in denying defendant's motion to withdraw his no contest plea on two grounds. First, the trial court abused its discretion by improperly considering defendant's motion as a motion for relief from judgment rooted in MCR 6.502. Although defendant clearly indicated in his motion to withdraw his no contest plea that he was indeed seeking to "withdraw [his] no contest plea," the trial court considered the motion as one for relief from judgment. Although defendant's motion did not specifically mention MCR

6.310(C) as the basis on which he was offering his motion, he likewise did not cite MCR 6.502—relief from judgment—as a basis either. Therefore, considering that the substance of the motion is undeniably rooted in one seeking withdrawal of a no contest plea, the trial court erred by considering the motion as one for relief from judgment. Insofar as the motion sought withdrawal of the no contest plea, defendant was within the time frames mandated by MCR 6.310(C), which gives defendants six months from sentencing to file a motion to withdraw, as defendant offered his motion less than one month after resentencing.

Second, the trial court abused its discretion by failing to find that defendant was entitled to an "absolute right to withdraw the plea," as defendant's sentence was increased beyond what was initially evaluated in his *Cobbs* evaluation. See *Cobbs*, 443 Mich at 283 (holding that a defendant has an "absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.") Defendant's *Cobbs* evaluation was 9 to 15 years' imprisonment for each count, and did not include lifetime electronic monitoring. Defendant's final sentence was, however, increased by the addition of lifetime electronic monitoring, which is indeed a part of a sentence as the Michigan Supreme Court held in *Cole*, 491 Mich at 335-336. Accordingly, the trial court erred in denying defendant an opportunity to withdraw his plea after its imposition of an increased sentence.

These findings are bolstered by this Court's opinion in *Comer*. The Court there approved of the trial court's finding that the defendant's initial sentence, which failed to similarly include lifetime electronic monitoring, was invalid, and accordingly, that the proper remedy was to permit the defendant an opportunity to withdraw his guilty plea. *Comer*, ___ Mich App at ___; slip op at 1-3. So too here defendant should have been provided an opportunity to withdraw his prior no contest plea once his sentence was increased above that which was offered in his *Cobbs* evaluation. Defendant's initial sentence here was identically "invalid," as it did not include lifetime electronic monitoring. Therefore, defendant should have been offered the remedy of withdrawal at resentencing.

Reversed in part and remanded to the trial court to allow defendant an opportunity to withdraw his no contest plea to the CSC I count. We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

-3-